**BLACKMON v. LEE et al.**

Civ. A. No. 325–51.

United States District Court
District of Columbia, Civil Division.

Jan. 8, 1952.

Claude L. Dawson, Washington, D. C., for plaintiff.

Holmes Baldridge, Asst. Atty. Gen. (Charles M. Irelan, U. S. Atty., Washington, D. C., Edward H. Hickey, Joseph Kovner, Attys., Department of Justice, Washington, D. C., of counsel), for defendants.

LETTS, District Judge.

This is a suit for declaratory judgment whereby the plaintiff asks the court to declare his rights as a veteran preference eligible in Government employment: specifically, plaintiff asks the court to decree and declare that the plaintiff was not legally or lawfully separated from his civilian position in the Civil Aeronautics Administration.

In its present posture the case is at issue, the defendants having answered and plaintiff and defendants have filed motions for summary judgment. At this juncture plaintiff brings his motion to refer the case to the Commissioner of Veterans' Cases, under Rule 29, as amended May 19, 1946 and which reads in pertinent parts as follows:

"(a) Reference to Commissioner. The following cases when filed shall stand referred to the Commissioner of Veterans' Cases:

"1. Actions against the United States on contracts of War Risk or other life insurance.

"2. Actions against an officer of the United States for mandatory or injunctive relief concerning insurance, compensation, retired emergency officers'

pay, or other benefits due veterans or their dependents."

The defendants oppose the motion for reference on the grounds (1) that local Rule 29 does not require reference in the instant case, and (2) that if the reference be required the rule is repugnant to Rule 53(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. It is the contention of defendants that Rule 29(a) prior to 1946 applied exclusively to war risk insurance cases and that the amendment expanded the coverage of the rule to include only insurance, compensation, emergency officers' pay or other benefits due veterans or their dependents. It is the belief of defendants that by the amendment to the rule it was intended to cover "other benefits" like insurance benefits, that is, benefits or compensation due veterans as veterans. Defendants suggest that the instant case does not involve veterans' benefits as such, but rather a civil service position. Defendants say that since plaintiff seeks a judicial determination that his discharge was contrary to Section 4 of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 853, and since no compensation is directly involved, Section (b) of Rule 29 does not apply since the suit is against an agency of the United States.

The office of Commissioner of Veterans' Cases was established pursuant to an order entered by the Court in General Term on February 28, 1931. Rule 29 in its original form read in pertinent part as follows:

"(a) Reference to Commissioner. Upon the filing of an action against the United States on a contract of War Risk or other life insurance it shall stand referred to the Commissioner of Veterans' Cases."

It later became apparent that there was need to enlarge the scope of the Commissioner's jurisdiction to cover all cases involving rights, benefits, privileges or immunities granted by Congress to veterans, either in their relations with the Government or with private parties. It was then that the occasion arose for the amendment to the rule which became effective in 1946 in the form in which it now appears.

The language employed seems to include all benefits due veterans or their dependents. It is difficult to see how it could have been made more comprehensive. It does not relate to monetary benefits only.

■ The rule must be construed in its ordinary sense, and as so viewed the motion of plaintiff for reference to the Commissioner of Veterans' Cases must be sustained.

■ The court sees no merit in the contention that the rule as now construed is repugnant to Rule 53(b) of the Federal Rules of Civil Procedure.

It would seem that, as a practical matter, reference in any case may be waived by agreement of the parties with the consent of the court when the facts are stipulated. Such procedure would often expedite the final disposition of the case.

The appended editorial note is intended only to indicate how and why, as the writer thinks, the rule was amended. It is offered for such historical value as may be its worth.

EDITORIAL NOTE:

As my memory now serves me and as refreshed by materials in my files conferences were had and correspondence passed between the writer, Chief Judge Laws, William R. Harr, the then Commissioner of Veterans' Cases, D. Vance Swann of the Department of Justice and gentlemen of the Bar who represented most of the veterans as plaintiffs in our pending cases: prominently among such gentlemen were Warren E. Miller, Jordan R. Bentley, Claude L. Dawson and the Hon. Aubrey B. Fennell.

For a long time prior to the adoption of the amendment I had been at the direction of then Chief Justice Wheat in charge of the calendar on veterans' affairs and was when the amendment was adopted by designation of Chief Justice Laws the supervising Justice of such calendar.

As early as March 1945 the persons named were concerned with the condition of the calendar of veterans' cases and were greatly interested in the new rights which had been or were in the process of being

conferred on veterans by the Congress arising from or incident to the second world war. Complaints for mandatory and injunctive relief had made their appearance. It was impossible to see the measure or the scope of imminent and impending litigation involving the new veterans' rights.

On March 26, 1945 D. Vance Swann addressed Commissioner Harr from which I extract the following:

"I have given consideration to your suggestion that applications for mandatory or injunctive relief against the Administrator of Veterans' Affairs be referred to you and reported upon by you, since they are incidental to a claim for insurance and involve directly or indirectly matters relating to insurance, but in some instances they have no connection whatever with insurance, relating only to compensation or other benefits. I think, however, that this is an added reason why they should be referred to and reported upon by you.

"These matters frequently involve an interpretation of the Veterans' Administration regulations issued pursuant to law and require a consideration not only of the regulations as presently worded but necessitates a study and review of the legislation leading up to the promulgation of such regulations and the interpretation placed thereon by the administrative agency. The Trial Court should not be burdened with such details when its Commissioner can make the review and submit a summary with his recommendation. I feel, therefore, that your suggestion is well taken and that you would undoubtedly relieve the Court of a long drawn out and boring review of the Veterans' Administration regulations and procedures."

On March 23, 1945 Warren E. Miller wrote Commissioner Harr in part as follows:

"Replying to your letter of March 19th with respect to proposals in improving the efficiency of the Court, I am convinced that Rule 29 of the Court which has operated so well for over ten years should be continued, and in addition I believe that the future work of the Court with regard to all matters involving war veterans and their dependents, except those relating to adjudications of insanity, criminal and probate matters, would be greatly expedited if Rule 29 were enlarged to cover all suits by War Veterans or their dependents.

"This suggestion embraces a larger field than merely applications for mandatory or injunctive relief against the Administrator of Veterans' Affairs as my suggestion covers *all suits*. I am confident that much litigation will eventually result in the District Court of the United States for the District of Columbia by virtue of the enactment by Congress on June 22, 1944 of Public Law 346–78th Congress [38 U.S.C.A. § 693 et seq.].

"With several times the number of members in the Armed Forces during the present war over the number from World War I (for which suits are still being currently filed), I believe that if the procedure of the Court were *now* set up to handle such matters, that the volume of work in the immediate future will merit such action at this time.

"I can foresee that Court action will be resorted to against other governmental officials besides the Administrator of Veterans' Affairs, not only under the above-mentioned law, but under other legislation that will surely be enacted from time to time.

"If, therefore, when a suit of any kind is filed which involves a war veteran or his dependents, if that matter stands automatically referred to the Commissioner and the rules require a copy of all such pleadings to be sent to the Commissioner, this may result in a Commissioner's docket of cases being established in the order in which such suits are filed, and in this way such matters may be brought under the jurisdiction of the Commissioner."

On March 27, 1945 Jordan R. Bentley addressed Commissioner Harr in which he said in part:

"In answer to your letter of March 19, 1945, regarding the change in the present Rule 29 so that applications for mandatory or injunctive relief against the Administrator will be referred to and reported upon by you, I am in entire accord with such a change. I believe it will save a lot of the Court's time in hearing the history of certain statutes, regulation and procedure of the Veterans Administration."

After many conferences and when all immediately concerned had given thought to the matter the writer received the following letter from Mr. Swann, dated January 31, 1946.

"This has reference to my recent discussion with you concerning the proposed change in Rule 29 which would authorize the Commissioner of Veterans' Cases to consider not only cases involving suits upon contracts of insurance brought by veterans, but also all matters relating to veterans.

"I have discussed this matter with Commissioner Harr, and he has prepared a proposed amendment which has the effect of referring all matters relating to veterans, including mandamus actions, reemployment rights, and other proceedings, to the Commissioner.

"I think it is highly desirable that suits against the Administrator of Veterans' Affairs in the nature of mandamus actions should be referred to the Commissioner, because I am sure that his recommendations would be most helpful to the court and save a great deal of the court's time in reviewing Veterans' Administration Regulations, etc.

"The matter of reemployment rights of veterans grows out of section 8 of the Selective Training and Service Act of 1940, as amended [50 U.S.C.A. Appendix, § 308], and there have been very few decisions interpreting this law. This Act provides that suits brought thereunder shall be advanced for trial, and undoubtedly reports of the Commissioner when indicated will be helpful to the court and should serve to expedite the disposition of the cases.

"There are many other features of the so-called G.I. Bill of Rights which might result in litigation. The law is all new, and it is impossible at this time to determine the kind or amount of litigation which may grow out of this legislation, but here again the aid of the Commissioner should be helpful."

Thereafter I received a letter from Commissioner Harr under date of March 4, 1946 which began as follows:

"Referring further to your letter of February 1, 1946 in regard to the advisability of amending Rule 29, so as to cover not only cases involving contracts of insurance, but all other cases relating to veterans, as suggested by Mr. D. Vance Swann of the Department of Justice in his letter to you of January 31, 1946."

The letter contained the following paragraph:

"Since Mr. Swann wrote you, I have come to the conclusion that it would be inadvisable to make a general reference to me of all actions involving rights, privileges and immunities granted by Congress to veterans, not only because such a general reference might entail more work than I could handle expeditiously, but because in many instances the statutory right, privilege or immunity claims by or through the veteran may be clear and the case turn on facts which would have to be developed in court; so that a reference thereof to your Commissioner might unnecessarily delay the disposition of the case."

There then appears in the letter the Commissioner's suggested amendment which purported to limit the matter of reference according to his views as last quoted. It is observed and may be stated that the limitation suggested by the Commissioner

was rejected by the court in favor of the more comprehensive reference written into amended rule, which reflected the majority view of the proponents of the amendment and had the approval of the court.